Frances A. Smith, State Bar No. 24033084
Jessica Lewis, State Bar No. 24060956
**Ross, Smith & Binford, PC**
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email:  frances.smith@rsbfirm.com
Email:  jessica.lewis@rsbfirm.com

**COUNSEL FOR FRANCES A. SMITH, CHAPTER 11 TRUSTEE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **RICHARD KEVIN RUSSELL,** | § | Case No. 22-41793-MXM-11 |
| | § | |
| *Debtor.* | § | |
| | § | |

### CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER (I) APPROVING BID PROCEDURES, (II) SCHEDULING AN AUCTION, AND (III) APPROVING THE SALE OF CERTAIN PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET ROOM 206, FORT WORTH, TX 76102 BEFORE CLOSE OF BUSINESS ON DECEMBER 10, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Frances A. Smith, Chapter 11 Trustee (the "Trustee") for the above-captioned bankruptcy case ("Bankruptcy Case") of Richard Kevin Russell (the "Debtor"), files this *Motion for an Order*

*(I) Approving Bid Procedures, (II) Scheduling an Auction, and (III) Approving the Sale of Certain Property of the Estate Free and Clear of all Liens, Claims and Encumbrances* (the "<u>Motion</u>"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. Through this Motion, the Trustee seeks entry of an initial order (i) approving the procedures for the bidding on and sale of the Debtor's Business Interests (as defined below) and Estate Claims (as defined below), and (ii) scheduling an auction and final sale hearing ("<u>Sale Hearing</u>") for approval of the sale. At the Sale Hearing, the Trustee requests that a final order be entered on the Motion authorizing the Trustee to sell the Business Interests and Estate Claims to the highest bidder(s), as determined at the auction, free and clear of all liens, claims, interests, and encumbrances.

2. The Trustee believes that a sale of these estate assets is a needed next step in this Bankruptcy Case. Throughout the pendency of this case, the Debtor has asserted that his business activities would result in funds for his estate, which could provide a basis for a Chapter 11 plan. At the same time, the Debtor has regularly ignored, delayed, or thwarted the Trustee's efforts to gather more information about those business activities. While it is unclear how much value the interests and claims at issue in this Motion will bring in the marketplace, the Trustee believes that this is the best next step for determining whether a Chapter 11 plan is possible in the case and for potentially satisfying estate expenses and making some payment to creditors. Indeed, it is the Trustee's belief that some creditors may benefit from the purchase of such interests and claims (due to their particular knowledge of the Debtor's history and business activities) beyond what is possible through the current ill-funded estate, which may result in a higher sale price and maximization of the value of such interests and claims to the benefit of creditors. For these

reasons, the Trustee requests that the Court approve the procedures and ultimate sale of the Debtor's Business Interests and Estate Claims, as set forth in more detail below.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157, and this matter is a core proceeding under 11 U.S.C. § 157(b)(2). Venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. Sections 105(a), 363, and 541 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provide basis for the relief requested herein.

## BACKGROUND

5. On August 8, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

6. On January 18, 2023, the Court entered an order requiring that a chapter 11 trustee be appointed in the Bankruptcy Case. *See* Docket No. 173. On January 24, 2023, the United States Trustee for the Bankruptcy Case filed a notice of the appointment of Frances A. Smith as Chapter 11 Trustee for the Debtor's estate, and, on January 27, 2023, the Court entered an order approving that appointment. *See* Docket Nos. 176 and 185.

7. Throughout the Bankruptcy Case, the Debtor's bankruptcy estate (the "Estate") has had only limited funds—fewer than necessary to cover expenses of the professionals necessary to administer the Estate, including Trustee's counsel and financial advisors and, for the period prior to the Trustee's appointment, Debtor's counsel.

8.    The Debtor has represented that the Estate holds the following business interests, as reflected in the Debtor's schedules [Docket Nos. 49, 49-1, 89, and 118] (collectively, the "Business Interests"):[1]

| Business Name | Percentage |
|---|---|
| Toledo Oil & Gas Gathering, LLC | 92.5% |
| Eastman Gas Company, LLC | 65% |
| KevMel LLC | 50% |
| Double Russell Oil and Gas, LLC | 100% |
| Sovereign Land Co. | 50% |
| Cedar Production Co. | 50% |
| RKR Productions LLC | 100% |
| OGC Legacy, LLC | 45% |
| North Lansing Gas Company, LLC | 40% |
| Russco Equipment, LLC | 33.33334% |
| Silverado Pipeline, LLC | 20% |
| Onyx Offshore, LLC | Unknown |
| Unlisted Interests, If Any | Unknown |

9.    The Estate also currently owns certain causes of action, including but not limited to Chapter 5 avoidance actions (i.e. actions brought under §§ 544-550) (collectively the "Estate Claims").[2]

10.   The Trustee believes that sale of the Business Interests and the Estate Claims (the "Sale") in accordance with the procedures set forth below is warranted at this time in the Bankruptcy Case. The Debtor has long asserted that funds would be brought into the Estate through his business activities, but little-to-no such funds have materialized. Further, the Debtor

---

[1] The term "Business Interests" shall include all business interests owned by the Debtor as of the Petition Date whether or not the Debtor listed such interests in his schedules.

[2] The term "Estate Claims" is intended to have a broad meaning, including any claim or cause of action that could be brought by the Trustee on behalf of the Estate against any party, whether or not such claim or cause of action arose before, on, or after the Petition Date, whether or not scheduled in the Debtor's schedules, whether arising under the Bankruptcy Code or other applicable law, in contract or in tort, in law or in equity or under any other theory of law, except that by this Motion the Trustee is not intending to sell (a) any right of setoff, counterclaim, or recoupment; or any claim on contracts or for breaches of duties imposed by law or in equity; (b) the right to object to claims asserted against the Debtor or Estate property in this Bankruptcy Case; (c) any claim under § 362 of the Bankruptcy Code; or (d) any defense, including fraud, mistake, duress, or usury, or any other defenses set forth in § 558 of the Bankruptcy Code.

**MOTION FOR APPROVAL OF BID PROCEDURES AND SALE**                                                                          **Page 4**

has provided very little cooperation to the Trustee in her efforts to investigate Estate Claims, the value of the Debtor's Business Interests, and potential paths forward for the Debtor in Chapter 11. Such lack of cooperation has extended even to the point of the Debtor (acting with respect to the entity Toledo Gas Gathering, LLC) disregarding this Court's order for the Rule 2004 examination [Docket No. 271] despite the Trustee's granting extensions for the production of the requested documents and attempts to schedule such examination.

11. Accordingly, the Trustee proposes the following procedures (the "Sale Procedures") for proceeding with a Sale of the Business Interests and Estate Claims:

a) Auction. A live auction via Zoom (the "Auction") will take place if there are qualified bidders who have paid the bid deposit, as provided below. All qualified bidders will be invited to join the recorded Zoom auction. Bids will be taken from bidders who have complied with these instructions until there are no more bids. Overbids must be in increments of no less than $1,000.00. The Auction shall take place on **Thursday, December 19, 2024 at 12:00 p.m. CST**.

b) Bid Qualification and Deposit. In order to participate in the Auction, a potential purchaser must deliver a Declaration (as defined below) and a cashier's check in the amount of $1,000.00 to the Trustee, made payable to Frances Smith, Chapter 11 Trustee, including the case number (22-41793-MXM-11) to: Ross, Smith & Binford, PC, 700 North Pearl Street, Suite 1610, Dallas, Texas 75201. Such deposit must be received by the Trustee by **Monday, December 16, 2024** and an email must be sent to the Trustee (frances.smith@rsbfirm.com; michael.coulombe@rsbfirm.com) in conjunction with the deposit, providing the potential purchaser's contact information. By participating in the Auction, a bidder consents to the jurisdiction of this Court with respect to all matters in or arising from the Auction and Sale process.

c) Declaration. To participate in the Auction, a potential purchaser must provide a declaration signed by the potential purchaser or an authorized representative thereof indicating what, if any, relationship such party has with the Debtor, Richard Kevin Russell (such declaration, a "Declaration"). If no such relationship exists, the Declaration should state as much. The Trustee shall provide notice of any such relationships held by highest or back-up bidders in connection with the Sale Hearing (defined below). The Trustee may take any such relationship into consideration when determining whether to move forward with seeking approval of any bid.

d) Sale Notice and Marketing. Within three (3) business days after the Court enters an Order approving the Sale Procedures under this Motion, the Trustee

shall serve a notice of the Sale substantially in the form attached hereto as **Exhibit A** (the "Sale Notice") by (a) first class United States mail, postage prepaid on (i) the parties identified upon the Master Creditor Matrix for this Bankruptcy Case (who do not receive electronic notice) at the addresses set forth therein, (ii) the parties that have filed a proof of claim or Notice of Appearance in this Bankruptcy Case at the addresses set forth in the respective filing, and (iii) within such three-day period and subsequently as any additional such parties are identified, any other parties identified by the Trustee who have either expressed an interest in acquiring any of the Business Interests or Estate Claims or in acquiring business interests or claims from bankruptcy debtors more generally; and (b) the Court's ECF notification system upon those parties receiving electronic notice by such system. The Trustee may make other reasonable marketing efforts to identify potential purchasers for the Business Interests and Estate Claims.

e) Proof of Ownership. With respect to the Business Interests, the Debtor shall provide the Trustee with proof of ownership of each of his Business Interests within five (5) days of the entry of the order approving the Motion. The Trustee shall provide any such information received from the Debtor to any potential purchaser who has qualified for Auction participation upon the request of such potential purchaser.

f) Diligence. Any desired due diligence must be conducted prior to the Auction. Participation in the Auction shall be deemed an acknowledgement and representation that such bidder has (i) had an opportunity to conduct due diligence prior to making the bid; (ii) has relied solely on its own independent review, investigation and/or inspection of the documents in making the bid and (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties, whether express or implied regarding the Business Interests, the Estate Claims, or the completeness of the information provided.

g) As-Is/Where-Is Sale. The sale shall be on an "as-is, where-is" "with all faults" basis, with no representations or warranties of any kind, nature, or description by the Trustee, her agents, or the Debtor's Estate.

h) Free and Clear Sale. Sale of the Business Interests and Estate Claims will be free and clear of liens, claims, interests, and encumbrances as provided in section 363(f) of the Bankruptcy Code; provided however, the Sale will be subject to the terms of the various operating agreements of each entity. The Trustee is not selling Business Interests free and clear of the terms of each respective operating agreement governing such interests.

i) Minimum Bid; Division of Estate Claims. The minimum bid for the Business Interests in each listed entity shall be as provided below:

| Business Name | Percentage | Minimum Bid |
|---|---|---|
| Toledo Oil & Gas Gathering, LLC | 92.5% | $10,000.00 |
| Eastman Gas Company, LLC | 65% | $10,000.00 |
| KevMel LLC | 50% | $1,000.00 |
| Double Russell Oil and Gas, LLC | 100% | $1,000.00 |
| Sovereign Land Co. | 50% | $1,000.00 |
| Cedar Production Co. | 50% | $1,000.00 |
| RKR Productions LLC | 100% | $1,000.00 |
| OGC Legacy, LLC | 45% | $1,000.00 |
| North Lansing Gas Company, LLC | 40% | $1,000.00 |
| Russco Equipment, LLC | 33.33334% | $1,000.00 |
| Silverado Pipeline, LLC | 20% | $1,000.00 |
| Onyx Offshore, LLC | Unknown | $1,000.00 |
| Unlisted Interests, If Any | Unknown | $500.00 |

The minimum bid for the Estate Claims shall be $5,000.00. Estate Claims may be sold collectively or separately. The $5,000.00 minimum bid for Estate Claims shall apply on a per-purchaser basis.

j) <u>Cash Sale; No Contingencies</u>. The Sale shall be an all-cash sale, with no contingencies other than approval of this Court.

k) <u>Sale Hearing</u>. A hearing to approve the Sale (the "<u>Sale Hearing</u>") shall take place before the Court on **January [DATE], 2025 at [TIME]**[3]**.** Due to the uncertainty of the value of the Business Interests and Estate Claims and the potential for out-of-area bidders to participate in the Auction, the Trustee requests that the Sale Hearing to be held as a hybrid hearing, permitting any party or witness to participate virtually.

l) <u>Intent to Close; Back-Up Bidder.</u> The highest bidder(s) will confirm to the Court at the Sale Hearing that they intend to close within five (5) business days from the entry of the order approving the Sale. The second highest bidder(s) will confirm to the Court that if the applicable highest bidder fails to close with respect to any particular Estate asset sold in accordance with these procedures, the applicable second highest bidder will close within five (5) business days of being notified (by electronic mail) by the Trustee of the applicable highest bidder's failure to close.

m) <u>Closing</u>. Closing shall take place within five (5) business days of the entry of the order approving the Sale (or, with respect to a closing with a back-up bidder, within five (5) business days of the notification of such back-up bidder, as provided above), unless such deadline is extended by the Trustee in her sole discretion. The Trustee will deliver signed transfer documents (prepared by the

---

[3] By this Motion, the Trustee requests that the Sale Hearing be held in January at a time convenient for the Court and necessary parties.

**MOTION FOR APPROVAL OF BID PROCEDURES AND SALE**                                    Page 7

   winning bidder(s) and acceptable to the Trustee) upon receipt of winning bid amounts in valid, confirmed funds.

  n) <u>Failure to Close</u>.  Any bidder who is approved as a highest bidder but fails to close will forfeit their bid deposit.  The deposit for any unneeded second-highest bidder will be returned by the Trustee to such back-up bidder after closing by the highest bidder, provided that such second-highest bidder has not forfeited or applied such deposit under the terms of these procedures in its capacity as a highest bidder with respect to another Estate asset.

  o) <u>Sale Proceeds</u>.  The Sale proceeds shall only be distributed upon further order of the Court.

12. To be clear, as of the time of filing this Motion, the Trustee has not conducted a complete assessment of each of the Debtor's Business Interests, largely due to the Debtor's failure to provide needed documentation and cooperation regarding such interests.  For that reason, the Trustee requests that, as part of the Sale Procedures and Auction process provided above, the Debtor be required to provide evidence of his Business Interests ownership for review by potential purchasers.

13. With respect to both the Business Interests and the Estate Claims, the Trustee has determined that conducting a formal marketing process is unlikely to result in a net benefit to the Estate, considering the particular characteristics of such assets and the additional costs and delay associated with doing so.  Such costs may very likely exceed any sale proceeds.  For this reason, the Trustee believes that hiring a business broker or engaging in substantial marketing efforts will not serve the best interests of the Debtor's Estate.

## RELIEF REQUESTED

14. The Trustee is initially requesting approval of the above Sale Procedures to govern an expeditious and efficient bidding, auction, and sale process for the Business Interests and Estate Claims to one or more successful bidders and on terms approved by the Court.  The Trustee believes that the procedures proposed herein will maximize the value of the Business Interests and

Estate Claims and ensure an effective and efficient process that will culminate in the sale of those assets.

15. For the purposes of the initial hearing on the Motion, the Trustee requests that the Court enter an order, substantially in the form of the proposed order attached as **Exhibit B** to this Motion, approving the Sale Procedures provided above, including the form of Sale Notice, and scheduling the Sale Hearing.

## BASIS FOR RELIEF

**A.     Bankruptcy Code Section 363(b): The Sale is an Exercise of the Trustee's Sound Business Judgment and Should be Approved.**

16. Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b). Under section 541 of the Bankruptcy Code "all legal or equitable interests of the debtor in property as of the commencement of the case" are vested in the estate upon the petition date. 11 U.S.C. § 541.

17. Once a trustee articulates a valid business justification for a business decision, such decision is entitled to a presumption of validity. *See In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (requiring an "articulated business justification" for the use, sale, or lease of property outside of the ordinary course of business); *GBL Holding Co. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005) (Lynn, J.) ("Great judicial deference is given to the Trustee's exercise of business judgment."). Courts have made clear that a trustee's business judgment is entitled to substantial deference with respect to business decisions, including the procedures to be used in selling assets of the estate. *See GBL Holding Co.*, 331 B.R. at 255 (citing *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985)). The paramount goal in any proposed sale of property of an estate is to maximize the proceeds received

by the estate. *See Gluckstadt Holdings, L.L.C. v. VCR I, L.L.C. (In re VCR I, L.L.C.)*, 922 F.3d 323, 327 (5th Cir. 2019) (discussing the requirement for the trustee to maximize value).

18. The Trustee has determined, in the sound exercise of her business judgment, that the Sale of the Business Interests and the Estate Claims is beneficial to the bankruptcy Estate and its creditors. The Trustee further believes that the proposed sale and auction process will result in the highest recovery for the Business Interests and Estate Claims, which have otherwise to date provided no funds for the Estate and which the Estate is otherwise inadequately funded to pursue. Therefore, the proposed sale is a reasonable exercise of the Trustee's sound business judgment.

**B. Bankruptcy Code Section 363(f): A "Free and Clear" Sale of the Business Interests is Appropriate.**

19. Section 363(f) of the Bankruptcy Code provides, in relevant part, that a trustee may sell property of the estate free and clear of the interest of any entity other than the estate if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

20. Because Bankruptcy Code § 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to approve the sale of the Business Interests "free and clear" of liens, claims, encumbrances and interests. *See, e.g. In re Nature Leisure Times, LLC*, No. 06-41357, 2007 Bankr. LEXIS 4333, at *7 (Bankr. E.D. Tex. 2007) (stating that a "sale free and

clear of an interest can be approved if any one of the . . . conditions contained in §363(f) are satisfied").

21.     With regard to the sale of the Business Interests and the Estate Claims, the Trustee believes that at least one of the tests in section 363(f) is satisfied. Particularly, the Trustee believes that section 363(f)(2) is met because no party has asserted a lien on such assets. Alternatively, parties holding liens, if any, on the Business Interests or Estate Claims may or will consent to, or absent any objection to the Motion be deemed to have consented to the Sale. Accordingly, section 363(f) authorizes the sale and transfer of the Business Interests and Estate Claims free and clear of any liens, claims, encumbrances, and interests; provided however, as noted in the Sale Procedures, the Sale will be subject to the terms of the various operating agreements of each entity. The Trustee is not selling the Business Interests free and clear of the terms of each applicable operating agreement.

**C.     Bankruptcy Code Section 105(a) Provides Further Basis for Granting the Motion.**

22.     As additional support, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As described above, approval of the Sale Procedures will assist the Trustee in maximizing the value that may be obtained for these Estate assets for the benefit of the Estate and its creditors in a case where there is currently not sufficient cash to cover administrative expenses. Consequently, the Trustee respectfully submits that granting the requested relief is necessary and appropriate under the circumstances.

**D.     The Motion and Sale Notice Satisfy the Requirements of Bankruptcy Rule 2002.**

23.     Bankruptcy Rule 2002(a) provides, in relevant part, that all creditors must be given at least twenty-one (21) days' notice by mail of a proposed use, sale, or lease of property of the

estate other than in the ordinary course of business. Further, Bankruptcy Rule 2002(c) sets forth that such notices must include the time and place of any sale, the terms and conditions of such sale, and the time fixed for filing objections. This Motion, through the negative-notice language provided herein, provides the time for filing objections to the Sale of the Business Interests and Estate Claims in accordance with the Sale Procedures, as requested in this Motion. This Motion is being served by U.S. Mail (or, where applicable, by ECF notification) on the Master Creditor Matrix, including any parties who have filed a notice of appearance requesting service in this Bankruptcy Case.

24. The Sale Notice proposed by the Trustee as a means of promoting participation in the Auction and Sale process (a) contains the type of information required under Bankruptcy Rule 2002, including notice of the Court's order approving the Auction and Sale Procedures, the Sale Procedures themselves, and the date and time of the Sale Hearing. Accordingly, the Trustee requests that this Court approve the form and content of the Sale Notice.

25. Together, service of this Motion and, following approval of the Sale Procedures, the Sale Notice in accordance with the Sale Procedures is proper, due, timely, good, and sufficient notice of, among other things, the Sale Procedures, the Auction, the proposed Sale, and the procedure and requirements for objecting thereto.

E.     **The Requested Relief Complies with Bankruptcy Rule 6004.**

26. Pursuant to Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or auction. The Trustee believes that good cause exists to sell the Business Interests and Estate Claims at auction to test the market value of such assets, which may be particularly valuable to the parties-in-interest involved with or monitoring this Bankruptcy Case. An auction conducted substantially in accordance with the Sale Procedures will

enable the Trustee to obtain the highest and best offer for these Estate assets, thereby maximizing their value for the benefit of the Estate and creditors.

27. The Sales Procedures provide for receipt of bids and set forth the specific requirements for potential bidders. In addition to relying on other key parties in the case, the Trustee will also be contacting other parties who have expressed interest in purchasing business interests from bankruptcy cases to determine if they have an interest in participating in the sale process. The Sale Notice and Sale Procedures will provide an appropriate framework for obtaining offers for the Sale and will enable the Trustee to review, analyze, and compare all bids received to determine which bid or bids are in the best interest of the Estate and its creditors and should be presented to the Court for approval at the Sale Hearing. Therefore, the Trustee respectfully requests that this Court approve the Sale Notice and Sale Procedures at the initial hearing on this Motion. At the final hearing on this Motion, the Trustee will present the highest and best offer(s) to the Court for approval and request that a final order be entered approving the Sale.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Trustee respectfully requests that the Court (A) enter an order substantially in the form of the proposed order attached hereto as **Exhibit B** (i) granting this Motion; (ii) approving the Sale Procedures, including the form of Sale Notice, (iii) scheduling a Sale Hearing; and (iv) granting such other and further relief to which it may be justly entitled, and following the Sale Hearing, (B) enter an additional order substantially in the form of the proposed order attached hereto as **Exhibit C** approving the Sale to the bidder(s) identified by the Trustee at the Sale Hearing as the highest and best bid(s) for the Business Interests and Estate Claims as determined by the Auction.

Dated: November 18, 2024		Respectfully Submitted,

*/s/     Frances A. Smith*
Frances A. Smith, State Bar No. 24033084
Jessica Lewis, State Bar No. 24060956
**Ross, Smith & Binford, PC**
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: frances.smith@rsbfirm.com
Email: jessica.lewis@rsbfirm.com

**COUNSEL FOR CHAPTER 11 TRUSTEE FRANCES A. SMITH**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 9007-1(f), I hereby certify that on August 2, 2024 by email, my firm conferred with Elizabeth Young, counsel for the U.S. Trustee, regarding the relief requested herein, providing a draft copy of the Motion for review.  By return email on August 5, 2024, Ms. Young stated that the U.S. Trustee was unopposed the requested relief.  Also by email on August 2, 2024, my firm sent a copy of the Motion to Stephanie Curtis, counsel for the Debtor.  By return email that same day, Ms. Curtis stated that the Debtor opposed the requested relief.  In the time following such communication, I engaged in discussions with the Debtor to explore possible alternatives to this Motion, but such discussions did not provide a feasible, satisfactory alternative under the circumstances.

*/s/      Frances A. Smith*
Frances A. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, I caused a true and correct copy of the foregoing to be filed and served through ECF notification upon all parties who receive notice in this matter pursuant to the Court's CM/ECF filing system and on all parties on the attached service list.

*/s/      Frances A. Smith*
Frances A. Smith

# Master Service List
# Richard Kevin Russell
# Case No. 22-41793

*Debtor:*
Richard Kevin Russell
141 Magnolia Lane
Westworth Village, TX 76114
**Service via U.S. mail**

*Debtor's Counsel:*
Curtis Law PC
Attn:  Stephanie D. Curtis
  Christopher Lee Harbin
  Ivan Turingan
Bank of America Plaza
901 Main Street, Ste 6515
Dallas, TX 75202
Phone:  214-752-2222
Fax : 214-752-0709
Email: scurtis@curtislaw.net
Email:  charbin@curtislaw.net
Email:  ituringan@curtislaw.net
**Served via ECF**

*U.S. Trustee:*
U.S. Trustee Office
1100 Commerce Street, Room 976
Dallas, TX 75242
Phone:  214-767-8967
Fax : 214-767-8971
Email: elizabeth.a.young@usdoj.gov
**Served via ECF**

*Chapter 11 Trustee:*
Frances A. Smith
Ross, Smith & Binford, P.C.
700 N. Pearl Street, Ste 1610
Dallas, TX 75201
Phone:  214-377-7879
Email:  frances.smith@rsbfirm.com
**Served via ECF**

*Creditors:*
Anthony Cibilich
60 Hawk St, 701 Engineers Road,
Belle Chasse, LA 70037
**Served via U.S. mail**

C. W. Stocker, III
7033 SAUCON VALLEY DR,
Fort Worth, TX 76132
**Served via U.S. mail**

David M. Frase
7033 Saucon Valley, Dr.
Fort Worth, TX 76126
**Served via U.S. mail**

Freeman Mills
12222 Merit Dr #1400
Dallas, TX 75251
**Served via U.S. mail**

Houston Tall Pines, LLC
1207 ANTOINE DR.
Houston, TX 77055
**Served via U.S. mail**

John A. Chalk
301 Commerce St. Suite 3500
Fort Worth, TX 76102
**Served via U.S. mail**

LLLMH Investments, Ltd.
13 Woodland Dr.
Mansfield, TX 76063
**Served via U.S. mail**

P&P Management
640 Jenkins Road.
Aledo, TX 76008
**Served via U.S. mail**

Pack and Pack LP
640 Jenkins Rd, A
Aledo, TX 76008
**Served via U.S. mail**

WildcatDavis Accumulation II LP
8333 Douglas Ave, Ste 400
Dallas, TX 75225
**Served via U.S. mail**

*Noticed Parties:*
Origin Bank
c/o Winstead PC
Attn:  Annmarie Chiarello
  Joe Wielebinski
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
Email: achiarello@winstead.com
Email: jwielebinski@winstead.com
**Served via ECF**

Southside Bank
c/o Pope, Hardwicke, Christie, Schell,
Attn:  Kelly & Taplett, L.L.P.
500 West 7th Street, Suite 600
Fort Worth, Texas 76102
Telephone No. (817) 332-3245
Facsimile No. (817) 877-4781
E-mail: mtaplett@popehardwicke.com
**Served via ECF**

Crestline Energy Partners, PLLC
c/o Law Office Of Matthew Bobo, PLLC
Attn:  Matthew W. Bobo
  Katy Hart
4916 Camp Bowie Blvd
Ft. Worth, Texas 76107
Telephone:  (817) 529-0774
Facsimile:  (817) 698-9401
Email:  mbobo@mwblawyer.com
Email:  katy@mwblawyer.com
**Served via ECF**

Jason Dial
c/o Bonds Ellis Eppich Schafer Jones LLP
Attn: Clay M. Taylor
  C. Josh Osborne
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
Telephone:  (817) 405-6900
Facsimile:  (817) 405-6902
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
**Served via ECF**

Jason Dial
c/o Law Office Of Matthew Bobo, PLLC
Attn:  Matthew W. Bobo
  Katy Hart
4916 Camp Bowie Blvd
Ft. Worth, Texas 76107
Telephone:  (817) 529-0774
Facsimile:  (817) 698-9401
Email:  mbobo@mwblawyer.com
Email:  katy@mwblawyer.com
**Served via ECF**

Crestline Energy Partners, PLLC
c/o Bonds Ellis Eppich Schafer Jones LLP
Attn: Clay M. Taylor
  C. Josh Osborne
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
Telephone:  (817) 405-6900
Facsimile:  (817) 405-6902
Email: clay.taylor@bondsellis.com
Email: c.joshosborne@bondsellis.com
**Served via ECF**

Two Sisters, LLC
c/o FORSHEY & PROSTOK, LLP
Attn:  Jeff P. Prostok
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone:  817-877-8855
Facsimile:  817-877-4151
Email:  jprostok@forsheyprostok.com
**Served via ECF**

Rainbow Investments Company
c/o GRIFFITH, JAY & MICHEL, LLP
Attn: Mark J. Petrocchi
2200 Forest Park Blvd.
Fort Worth, TX 76110
Phone (817) 926-2500
Fax (817) 926-2505
Email: mpetrocchi@lawgjm.com
**Served via ECF**

Yoakum National Bank
c/o Hayden & Cunningham, PLLC
Attn: D. Wade Hayden
7750 Broadway
San Antonio, Texas 78209
Telephone (210) 826-7750
Facsimile (210) 822-0916
Email: whayden@7750law.com
**Served via ECF**

Amplify Energy Operating, LLC
c/o Coghlan Crowson, LLP
Attn: James T. Carroll, IV
P.O. Box 2665
Longview, Texas 75601
Telephone: (903) 758-5543
Facsimile: (903) 753-6989
Email: jcarroll@ccfww.com
**Served via ECF**

Ralph H. Falls, III
c/o H. R. Chapin, Attorney &
Counselor, PLLC
Attn.: Hershel R. Chapin
4301 Alpha Rd
Dallas, TX 75244
Telephone: 972-707-7482
Facsimile: 214-736-3945
Email: hchapin@gmail.com
**Served via ECF**

Amplify Energy Operating, LLC
c/o Rochelle McCullough, LLP
Attn: E. P. Keiffer
 Zachary Levick
325 North St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 580-2525
Facsimile: (888) 467-5979
Email: pkeiffer@romclaw.com
Email: zlevick@romclaw.com
**Served via ECF**

Austin Bank, Texas, N.A.
c/o PATRICK LAW OFFICES
Attn: Glen Patrick
PO Box 938
Lindale TX 75771
Telephone: 903-882-6173
Fax: 903-882-8810
Email: sherry@patricklawoffices.com
**Served via ECF**

7-Green Services, LLC
c/o REED SMITH LLP
Attn: Bradley J. Purcell
 Taylre C. Janak
2850 N. Harwood, Suite 1500
Dallas TX 75201
Telephone: 469-680-4200
Facsimile: 469-680-4299
Email: bpurcell@reedsmith.com
Email: tjanak@reedsmith.com
**Served via ECF**

Wells Fargo Bank, N.A.
d/b/a Wells Fargo Auto
P.O. Box 169005
Irving, Texas 75016
**Served via ECF**